In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-080 CV


____________________



JOHNNY ARVIN MEYERS, Appellant



V.



MARY MARTIN MEYERS, Appellee






On Appeal from the County Court at Law #2


Angelina County, Texas


Trial Cause No. 34,522-01-09






MEMORANDUM OPINION


 Because the instant appeal involves the application of well-settled principles of law,
we deliver this memorandum opinion. See Tex. R. App. P. 47.1. This is an appeal from
the entry of a decree of divorce. A hearing was held before the trial court without a jury. 
The reporter's record consists of fourteen pages including cover page, index, and
certification page. A second exhibit volume contains one two-page exhibit. 

 Following brief testimony from both appellee [Mary] and appellant [Johnny], the
trial court decreed that there was no community property acquired during the marriage and
that no children were born during the marriage nor were any expected. The record
indicates that the parties were married on or about June 24, 2000. Apparently at the time
of the marriage, Johnny was incarcerated in the Institutional Division of the Texas
Department of Criminal Justice. On the day of the hearing, appellant appeared via
telephone as he was apparently still incarcerated. Both parties appeared before the trial
court pro se and both also appear before us in the same capacity. 

 In his appellate brief, Johnny presents us with six issues. They include the
following: 

 1. Whether the trial court erred in not allowing Johnny a jury trial.


 2. Whether the trial court erred by permitting Mary to sell Johnny's
separate property "before first marriage."


 3. Whether Tex. R. Civ. P. 245 was violated in that Johnny was not
provided proper advance notice of the hearing so as to arrange for witnesses
and to be able to "bring up things from prior divorce." 


 4. Whether the trial court erred in denying Johnny witnesses and the
opportunity to "present evidence from prior divorce decree." 


 5. Whether a typographical error in the final decree renders said decree
void.


 6. Whether the trial court erred in failing to recuse herself because of
possible relationship with Johnny. 


 The record from the hearing supports the portions of the final decree indicating the
parties acquired no community property during the marriage and that there were no
children of the marriage. Furthermore, the only issue Johnny was apparently interested
in litigating involved a vehicle owned by him which Mary sold during the parties' prior
marriage to each other. When informed by the trial court that he should confine his
questioning to events or issues occurring after the parties' second marriage in June of
2000, Johnny had no questions. 

 When the trial court gave Johnny the chance to present his case as respondent, the
following colloquy took place: 

 THE COURT: Anything else you need to tell me? Any witnesses on
your behalf?


 MR. MEYERS: Well, I didn't have a chance to file a motion to call
witnesses because I got this - - I didn't have time. I got the letter saying I
would be - - 


 THE COURT: You would be speaking of the Order Setting Hearing
letter confirming this case was set for hearing, which was signed on
November 2nd, 2001?


 MR. MEYERS: Right. And it takes a long time to get it down here
and I didn't get it till just this past - - last Friday.


 THE COURT: Okay. And if there were any fact witnesses you could
have tell me about any other property in your marriage, you want to go
ahead and tell me who they would be and what they would tell me about?


 MR. MEYERS: Well, there wouldn't be any property.


 THE COURT: Okay. If you have no property, you have no debt
between the two of you, you have no children, what else could be something
I need to deal with? You have no retirement, you have no military benefits. 
Is there anything else I need to know about that would be something that
would be the subject of your marriage?


 MR. MEYERS: No, I guess that would be all, Your Honor.


 THE COURT: Okay. Anything else you want to tell me, sir?


 MR. MEYERS: No.


 It is clear from the record, as recognized by both the trial court and Johnny, that no
other matters involving the marriage were before the trial court for its consideration except
the issue of irreconcilable differences. Under such factual circumstances as are present
in the record before us, we find no error by the trial court in any aspect complained of by
Johnny, but if the trial court committed any error, it is such that would not have caused
the rendition of an improper judgment nor prevented Johnny from properly presenting his
case to us on appeal. See Tex. R. App. P. 44.1(a)(1)(2). Johnny's six appellate issues are
overruled and the trial court's final decree of divorce is affirmed.

 AFFIRMED.





 PER CURIAM



Submitted on July 30, 2002

Opinion Delivered August 15, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.